# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHEN E. ALEXANDER,

Plaintiff,

v.

ANTHONY MELI and KEITH IMMERFALL,

Defendants.[1]

OPINION & ORDER

17-cv-585-jdp

Pro se plaintiff Stephen E. Alexander, an inmate incarcerated at the Waupun Correctional Institution (WCI), is proceeding on First Amendment retaliation and Fourteenth Amendment equal protection claims against defendants Anthony Meli and Keith Immerfall, WCI officials. Alexander alleges that defendants reclassified Alexander to "involuntary unassigned" status after Alexander successfully defended a conduct report. Dkt. 12. After defendants filed their answer, Alexander moved to strike several of their affirmative defenses in defendants' answer, including qualified immunity, sovereign immunity, and failure to exhaust administrative remedies. Dkt. 18.

Generally, motions to strike are disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the moving party, Alexander has the burden to show "that the 'challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL 23095690, at *1 (W.D. Wis. May 22, 2003) (quoting *Carroll v. Chi. Transit Auth.*, No. 01-cv-8300, 2002 WL 206064, at *1 (N.D. Ill. Feb.

---

[1] I have updated the caption to reflect defendants' full names.

8, 2002)). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Glenside West Corp. v. Exxon Co.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991)). The parties have yet to litigate potential factual disputes over the events at issue, and I cannot say as a matter of law that the affirmative defenses do not apply to the facts of this case. So I will deny Alexander's motion.

But I will offer a few points of clarification. First, Alexander argues that defendants must bring the affirmative defense of failure to exhaust administrative remedies in a motion to dismiss. That's correct (although this court treats these motions as motions for summary judgment). By listing the defense in their answer, defendants have only preserved their right to file such a motion at some point in the future. The deadline for filing the motion will be established at the preliminary pretrial conference.

Second, Alexander argues that qualified immunity doesn't apply to his claims because he is suing defendants in their "individual and official capacities," not their "personal capacities." Dkt. 18, at 2. He then argues that sovereign immunity doesn't apply because he is suing defendants solely in their "individual capacities." *Id.* To clarify, there are two capacities in which public officials may be sued: individual capacity and official capacity. A suit against a public official in his or her official capacity is effectively a suit against the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A suit against the official in his or her individual capacity is directed at the official's personal liability for his or her own acts that deprived a plaintiff of his or her rights. *See Moore v. Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Some official capacity suits raise sovereign immunity concerns; some personal capacity

suits are barred by the doctrine of qualified immunity. I will not hold Alexander to the statement that he is suing defendants solely in their individual capacities, as his allegations suggest that he is suing defendants in both their individual and official capacities. Again, by listing sovereign immunity and qualified immunity in their answer, defendants have only preserved their right to assert these defenses later on in litigation. Should they do so, Alexander will have an opportunity to argue against them.

ORDER

IT IS ORDERED that plaintiff Stephen E. Alexander's motion to strike, Dkt. 18, is DENIED.

Entered February 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge