IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN E. ALEXANDER,

                        Plaintiff,

  v.

ANTHONY MELI and KEITH IMMERFALL,

                        Defendants.

OPINION & ORDER

17-cv-585-jdp

---

Pro se plaintiff Stephen E. Alexander, an inmate incarcerated at the Waupun Correctional Institution (WCI), is proceeding on First Amendment retaliation and Fourteenth Amendment equal protection claims against defendants Anthony Meli and Keith Immerfall, WCI officials. Alexander alleges that defendants reclassified Alexander to "involuntary unassigned" status, causing Alexander to lose his prison job, after Alexander successfully defended a conduct report accusing him of stealing from the canteen. Dkt. 12. In a July 5, 2018 order, I granted Alexander's motion to compel production of the "information that Meli relied upon when removing Alexander from his prison job." Dkt. 32, at 3. I directed defendants to submit the information for in-camera review along with proposed redactions and an explanation of how best to allow Alexander to review the information without compromising the institution's security.

Defendants have done so, and I have reviewed the information, which comprises a written response to Alexander's interrogatory, Dkt. 34; Meli's declaration, Dkt. 36; two conduct reports, Dkt. 37-1 and Dkt. 37-2; and a security threat group affiliation packet, Dkt. 37-3. I have also reviewed defendants' proposal of which documents to allow, Dkt. 33, and the declaration of Cynthia Radtke, the WCI security threat group coordinator, which

explains the reasons for defendants' proposal. Dkt. 37. In sum, defendants propose that Alexander receive the written response to his interrogatory, Meli's declaration, and the two conduct reports, which show that Meli based his decision on information indicating that Alexander is a high-ranking member of the Gangster Disciples. Defendants argue that is critical that Alexander not receive the security threat group affiliation packet, because it contains information from confidential informants that Alexander could use to determine the informants' identities and retaliate against them.

Alexander "objects" to the information, arguing that it "is antiquated and wholly unrelated" to the decision to remove Alexander. Dkt. 38. My task right now is only to determine whether and how Alexander may review the information. Alexander can argue about the significance of the information later, in his summary judgment briefing or at trial.

Alexander does not appear to object to defendants' proposal regarding what documents he may review, and I agree that defendants' proposal represents the best way to allow Alexander to review relevant information without compromising the institution's security. Alexander already knows all he needs to know about the security threat group affiliation packet: that it identifies him as a high-ranking member of the Gangster Disciples. The other information contained in the packet—which isn't much—is not relevant to Alexander's claims. The same is true of Radtke's declaration. I will set a short deadline for defendants to produce the remaining documents to Alexander.

Finally, Alexander asks me to reconsider my denial of his motion to compel the production of DOC-1408 forms for WCI inmates who have been removed from a food service department job and subsequently reassigned to the food service department. Dkt. 38. In the July 5 order, I explained that the likely benefit of this discovery to Alexander was

outweighed by the burden of compiling and producing it, which would involve searching individual files of thousands of inmates, stored at two different locations. Dkt. 32, at 3–4.

Now, Alexander points to the DOC-1408 form of Charles Walker, one of the other inmates who was accused of conspiring with Alexander to steal items from the canteen. *See* Dkt. 38-1. The form indicates that Walker was reassigned to the food service department on May 1, 2018. Alexander argues that this form, and others like it, would support his claim that he was treated differently than other inmates, because he hasn't been reassigned to the food service department. I'll let the parties flesh out this issue at summary judgment or trial; for the time being, the significant burden of compiling and producing all similar forms continues to preclude an order compelling defendants to do so.

Alexander does not address the burden of discovery in his motion for reconsideration, but Walker's declaration states that he received a copy of his DOC-1408 form within one day of requesting it, implying that producing these forms would not significantly burden defendants. *See* Dkt. 39, ¶ 8. But I don't take defendants to be stating that making copies of individual DOC-1408 forms would be unduly burdensome; rather, they indicate that the burden lies in the process of identifying which DOC-1408 forms are responsive to Alexander's request—that is, identifying which inmates have been removed and subsequently reassigned to a food service job. Walker's DOC-1408 form underscores the burden of the identification process: it indicates only that Walker has now been assigned to the food service department; it does not indicate that he was previously removed from the food service department—defendants would have to cross-reference another form to determine whether that was the case. Because of the significant burden of production, I will not reconsider my order denying Alexander's motion to compel production of these records.

ORDER

IT IS ORDERED that:

1. By August 2, 2018, defendants must disclose to plaintiff Stephen E. Alexander their supplemental response to his interrogatory, Dkt. 34; Anthony Meli's declaration, Dkt. 36; and two conduct reports, Dkt. 37-1 and Dkt. 37-2.

2. Plaintiff's motion for reconsideration, Dkt. 38, is DENIED.

Entered July 26, 2018.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge